**In Re Anonymous No. 78 D.B. 84 and 38 D.B. 85**

Disciplinary Board Docket Nos. 78 D.B. 84 and 38 D.B. 85.

DOUGLAS, *Member*, April 22, 1986 — Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petitions for discipline.

## I. SUMMARY OF THE CASE

On September 15, 1976, after having been in practice for approximately three years, respondent had been placed on inactive status for his failure to pay his annual attorney-registration fee. He has not paid the said fee in any subsequent year, and has not been reinstated.

On October 7, 1982, respondent, [ ], entered an appearance for defendant in the case of Commonwealth v. [A]. On that same day, he was confronted by [B], the Assistant Chief of the Juvenile Unit of the [ ' ] District Attorney's Office, in the presence of Judge [C]. Respondent accused [B] of using KGB tatics and of acting like a Gestapo agent. In that case, Judge [C] appointed another attorney to represent defendant.

On February 16, 1983, respondent entered an appearance for the defendant in Commonwealth v.

[D], no. [     ]. On September 12, 1983, respondent was notified by letter that he was to appear for an informal admonition in the District [   ] Office of Disciplinary Counsel on October 4, 1983, and at that time was to present evidence that he had withdrawn as counsel in the [D] case. Respondent failed to present such evidence on October 4, 1983, but promised [E], Esq., who was then in charge of the District [   ] Office, that he would file a petition to withdraw as counsel, and present proper evidence to [E]. It was subsequently learned that respondent appeared on defendant's behalf on November 3, 1983. This was verified by the testimony of [F], an assistant district attorney assigned to the Felony Jury Division. This case was nolle prossed on November 10, 1983. Letters from Disciplinary Counsel to respondent, dated November 14, 1983, and December 23, 1983, went unanswered.

On April 6, 1983, respondent entered an appearance in the case of Commonwealth v. [G], no. [   ], in the Court of Common Pleas of [     ] County, Family Court Division. Respondent accepted two-thirds of a $2,500 retainer and $500 for an investigator from [H], the father of defendant, [G]. A juvenile hearing took place on July 12, 1983, in which respondent represented defendant, who was found guilty of statutory rape. Although respondent never hired an investigator in this case, respondent has refused to return the $500 to [H].

A hearing committee, consisting of [   ] took testimony on February 7, 1985, on the [D] case, and on September 17, 1985, on the [G] case. Respondent was called by phone at the time of the first hearing. He indicated that he had received the notice, but did not intend to appear. Respondent was present for the September 17, 1985, hearing. He represented himself. He cross-examined the four witnesses,

and testified himself. His testimony was limited to the allegation that he had hired [I] as an investigator.

As a result of the aforesaid conduct on the part of [respondent], disciplinary proceedings were initiated, charging respondent with the following violations as to both charges:

A. D.R. 1-102(A)(1), which prohibits an attorney from violating a Disciplinary Rule;

B. D.R. 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

C. D.R. 1-102(A)(6), which prohibits an attorney from engaging in other conduct which adversely reflects on fitness to practice law; and

D. D.R. 2-110(B)(2), which requires an attorney representing a client before a tribunal to withdraw from employment and the lawyer representing a client in other matters to withdraw from employment if he knows or it is obvious that his continued employment will result in the violation of a Disciplinary Rule.

In addition, in the charge filed to 38 D.B. 85, as a result of the conduct of respondent in the Com. v. [G] case, he was charged with the following violations:

E. D.R. 1-102(A)(4), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

F. D.R. 3-101(B), which prohibits an attorney from practicing law in a jurisdiction where to do so would violate the regulations of the profession in that jurisdiction;

G. D.R. 9-102(B)(3), which requires an attorney to maintain complete records of all funds, securities and other properties of a client coming into the pos-

session of a lawyer and to render appropriate accounts to the client regarding them; and

H. D.R. 9-102(B)(4), which requires an attorney to promptly pay and deliver to a client, as requested by the client, funds, securities or other properties in the lawyer's possession which the client is entitled to receive.

We adopt and incorporate by reference the findings of fact and conclusions of law set forth in the reports and recommendations of the hearing committee on both charges, with the sole exception of the matter of restitution.

## II. DISCUSSION

We will not tolerate the conduct of any attorney, who, after his failure to pay his annual attorney registration fee has caused him to be placed on inactive status, openly continues to practice law.

Neither will the board tolerate an attorney lying to Disciplinary Counsel at an informal admonition.

In the charge filed to 38 D.B. 85, as a result of the Com. v. [G] case, [J], Esq., testified that he kept a one-third referral fee on the $2,500 paid by [H]. Therefore, only $1,667 would have been paid to respondent, plus the $500 for the alleged investigator.

Since respondent was in direct violation of the Pennsylvania Rules of Disciplinary Enforcement in representing [G], he should be directed to return the fee and advanced investigation cost to [H].

## III. RECOMMENDATION

For the foregoing reasons, by a unanimous vote of those board members who were present, the board recommends that respondent be disbarred, that he be ordered to reimburse [H] for the $1,667 fee and

136

$500 in alleged investigation expenses, and that the costs in this case should be paid by respondent.

Messrs. Curran, McGinley, Mundy, Brown and Ms. Heh did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 28, 1986, upon consideration of the report and recommendation of the Disciplinary Board dated April 22, 1986, it is ordered that respondent, be and he is disbarred from the bar of the Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.